## ACKERMAN v. LIVINGSTON.

### (City Court of New York, Trial Term. December, 1907.)

MUNICIPAL CORPORATIONS—STREETS—INJURIES TO TRAVELERS—NEGLIGENCE—
QUESTION FOR JURY.

In an action for injuries to plaintiff by being struck by a wagon driven
rapidly along a street, evidence *held* to require submission of plaintiff's
contributory negligence to the jury.

Action by Sebastian W. Ackerman against Johnston Livingston. On
motion to set aside a verdict for plaintiff and for a new trial. Denied.

Feltenstein & Rosenstein, for plaintiff.
Carter, Ledyard & Milburn, for defendant.

WADHAMS, J. The motion is to set aside the verdict rendered in
favor of the plaintiff and for a new trial. In the cases cited by the
defendant the injured party failed to look after placing himself in a
position of obvious danger. The approaching object in those cases
was a car moving upon tracks in a certain direction, from which the
car in its natural course would not deviate and pursuing which the
car must necessarily come in contact with the party injured. In the
case at bar the approaching object was a wagon. There is evidence to
sustain a conclusion by the jury that, had the wagon pursued the course
in which it was going when first observed by the plaintiff, some 40 or
50 feet away, it would not have come in contact with him. There is
evidence that the wagon was approaching upon or between the tracks
in West Broadway going downtown, and that the plaintiff when
struck was west of the westerly track, from 3 to 5 feet away from the
track.

The plaintiff testified that he backed up his horse and wagon against
the curb, with the horse turned slightly downtown, toward the south.
He looked around to see if there were any cars or trucks near him,
and saw the express wagon about 40 or 50 feet away on the other side
of the street. There were two tracks, the northerly track being on
the east side of the street. When he first saw the truck it was on
the northerly track, going in a southwesterly direction, coming slowly.
He got off his wagon and put a blanket over his horse's head. He did
not look again until the truck was from 2 to 4 feet away, coming
faster. He dove underneath the horse's head to get away, but the pole
of the truck came toward him, struck him in the side, and knocked
him down.

There is evidence that it was a bright, clear day, that plaintiff's eye-
sight and hearing were both good, and that there was nothing be-
tween the plaintiff and the approaching truck. There is also evidence
that the truck was coming towards him. Although the truck was com-
ing in his general direction, and he was able to see it, had he looked,
there is evidence upon which the jury were at liberty to find that he
was in a position of safety and would not have been struck, had not the
truck changed its direction. The plaintiff upon cross-examination tes-
tified:

"Q. Had it changed its direction any? Had the wagon changed its direction any? A. The truck? Q. Yes. A. Coming more toward me; more on the outside."

A witness testified:

"The wagon was coming down. It was between the two tracks. He wanted to swing further west as he swung around. He swung too short, and hit the man as he was standing at the horse's head. The pole hit him. Q. He turned west? A. Yes, sir; he had to get off the track. Q. In turning west, what occurred? A. He swung short, and as he swung he hit the man."

Another witness testified:

"I see a man standing there fixing up something about his horse's head. He wanted to get away from there; so the wagon came, and the horses turned toward him, and the pole hit the man, and he fell down, and the wheels ran over his arm. Q. As it got near the man, what did it do? A. The horses turned around toward the man, to the right, and the pole hit the man."

Upon this evidence the court is unable to hold that plaintiff was guilty of contributory negligence as a matter of law. The question was properly submitted to the jury for determination.

Motion denied.